TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00365-CR







Joel Adam Hernandez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-93-431, HONORABLE FRED MOORE, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated robbery. Tex. Penal Code Ann.
§ 29.03 (West 1994). (1) The district court assessed punishment at imprisonment for thirty years.

 Appellant robbed the cashier of a San Marcos convenience store at gunpoint. The
robbery was recorded on videotape by two surveillance cameras in the store. The store manager
identified State's exhibits one and two as the videotapes in question. These exhibits were admitted
in evidence without objection. Later, a San Marcos police officer testified that the two
surveillance tapes were each eight hours long and, for the sake of convenience, he had reproduced
on a third videotape the relevant portion of each surveillance tape. When this tape was offered
in evidence as State's exhibit four, appellant objected on the ground of hearsay. The objection
was overruled. In his sole point of error, appellant contends the district court erred by so ruling.

 The content of a voluminous recording may be presented in the form of a summary. 
Tex. R. Crim. Evid. 1006. In such a case, the original must be made available for examination
by the other party. Id. A duplicate recording is admissible to the same extent as the original
unless a question is raised as to the authenticity of the original or if it would be unfair to admit
the duplicate under the circumstances. Tex. R. Crim. Evid. 1003. No question as to the
authenticity of the original videotapes was raised at trial and they were available for examination
by appellant. Having failed to object to the admission of the original videotapes on hearsay
grounds, appellant waived any hearsay objection to the excerpts taken from the originals and
reproduced in summary form on exhibit four. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: April 12, 1995

Do Not Publish

1. After this offense was committed, section 29.03 was amended in a nonsubstantive way.